# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY WYATT,** | : | |
| **Petitioner** | : | **No. 1:25-cv-01918** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **BERNADETTE MASON, et al.,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Currently before the Court are an application for leave to proceed in forma pauperis ("IFP Application") and a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Gregory Wyatt ("Wyatt"). For the reasons stated below, the Court will grant the IFP Application, dismiss the habeas petition without prejudice, decline to issue a certificate of appealability, and direct the Clerk of Court to close this case.

## I.    BACKGROUND

### A.    Pennsylvania State-Court Proceedings

Wyatt is currently serving a state sentence of a minimum of twenty-five (25) years to a maximum of fifty (50) years after pleading guilty to third-degree murder (18 Pa. C.S. § 2502(c)), robbery (18 Pa. C.S. § 3701(a)(1)(i)), possession of firearm prohibited (18 Pa. C.S. § 6105(a)(1)), and carrying a firearm without a license (18 Pa. C.S. § 6106(a)) in the Court of Common Pleas of Dauphin County on June 2, 2014. See (Doc. No. 1 at 1); Commonwealth v. Wyatt, No. 1982 MDA 2015, 2016 WL 6199542, at *1 (Pa. Super. Ct. Oct. 24, 2016) (unpublished) ("Wyatt I"); Commonwealth v. Wyatt, No. CP-22-CR-0003361-2013 (Dauphin Cnty. Ct. Com. Pl. filed July 16, 2013) ("CCP Docket").[1] Wyatt timely filed a post-sentence

---

[1] The Court takes judicial notice of the docket from Wyatt's underlying criminal case. See Zedonis v. Lynch, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) ("Pennsylvania's Unified Judicial

motion to withdraw his guilty plea on June 12, 2014, but he withdrew the motion after a hearing on July 11, 2014. See CCP Docket; Wyatt I, 2016 WL 6199542, at *1. He did not file a direct appeal after withdrawing his post-sentence motion. See Wyatt I, 2016 WL 6199542, at *1.

Starting in June 2015, Wyatt filed five (5) petitions under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541–46 ("PCRA"), all of which were dismissed or denied. See id.; Commonwealth v. Wyatt, No. 458 MDA 2019, 2020 WL 201708, at *1 (Pa. Super. Ct. Jan. 13, 2020) (unpublished) ("Wyatt II"); Commonwealth v. Wyatt, No. 870 MDA 2020, 2021 WL 798900, at *1 (Pa. Super. Ct. Mar. 2, 2021) ("Wyatt III"); CCP Docket. Wyatt timely filed his first PCRA petition on June 1, 2015, and the PCRA court dismissed it without a hearing on October 13, 2015. See Wyatt I, 2016 WL 6199542, at *1. Wyatt timely appealed from the PCRA court's decision to the Pennsylvania Superior Court, which affirmed the dismissal of Wyatt's first PCRA petition on October 24, 2016. See id. at *1, 5.

Wyatt filed his second PCRA petition on September 8, 2017. See Wyatt II, 2020 WL 201708, at *1. The PCRA court dismissed this petition without a hearing as untimely on September 6, 2018, and this decision was affirmed on appeal by the Superior Court. See id. at *1, 2.

Wyatt filed his third PCRA petition on April 3, 2020, and the PCRA court dismissed it as untimely on June 9, 2020. See Wyatt III, 2021 WL 798900, at *1. The Superior Court affirmed the dismissal on March 2, 2021. See id. at *1, 3. Wyatt then filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which denied the petition on November 2, 2021. See Commonwealth v. Wyatt, 266 A.3d 442 (Pa. 2021) (table).

---

System provides online access to the docket sheets for criminal cases, and this Court may take judicial notice of those public dockets." (citations omitted)).

In August and September 2024, Wyatt filed two (2) additional PCRA petitions, both of which were dismissed by the PCRA court. <u>See</u> CCP Docket. It does not appear that Wyatt appealed from those decisions to the Superior Court. <u>See id.</u>

**B.    Prior Federal Proceedings**

Wyatt filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which the Clerk of Court docketed on April 6, 2020, and assigned to the undersigned. <u>See</u> <u>Wyatt v. Superintendent of SCI Mahanoy</u>, No. 20-cv-00576 (M.D. Pa. <u>filed</u> Apr. 6, 2020), ECF No. 1. In this petition, Wyatt challenged his Dauphin County convictions and sentence. <u>See id.</u>

On July 28, 2022, Wyatt filed an amended Section 2254 petition. <u>See id.</u>, ECF No. 9. The Court screened Wyatt's amended petition and issued an Order on August 31, 2022, directing Wyatt to show cause why the Court should not dismiss his amended petition as untimely. <u>See id.</u>, ECF No. 10. Wyatt timely filed a written response to this Order on September 29, 2022. <u>See id.</u>, ECF No. 11.

On November 29, 2022, the Court entered a Memorandum and Order dismissing Wyatt's amended Section 2254 as untimely and determining that a certificate of appealability would not issue. <u>See id.</u>, ECF Nos. 12, 13. Wyatt did not file an appeal from this decision to the Third Circuit Court of Appeals.

**C.    Wyatt's Current Section 2254 Petition**

Wyatt commenced the instant case by filing a Section 2254 habeas petition and supporting memorandum of law, both of which the Clerk of Court docketed on October 14, 2025. (Doc. Nos. 1, 2.) He also filed an IFP Application (Doc. No. 3); however, he did not accompany it with a copy of his certified prisoner trust fund account statement as required by the <u>in forma pauperis</u> statute, 28 U.S.C. § 1915. <u>See</u> 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to

bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the [petition] . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.").  As such, an Administrative Order issued requiring the Superintendent at Wyatt's place of incarceration to submit Wyatt's certified account statement with the Clerk of Court.  (Doc. No. 6.)  Wyatt's certified account statement was docketed with the Clerk of Court on October 30, 2025.  (Doc. No. 7.)

In his habeas petition, Wyatt again challenges his Dauphin County convictions and sentence, which were the subject of his prior Section 2254 petition.  (Doc. No. 1 at 1); see also Wyatt v. Superintendent of SCI Mahanoy, No. 20-cv-00576 (M.D. Pa. filed Apr. 6, 2020), ECF Nos. 1, 9.  He asserts that his equal protection and due process rights were violated, his plea agreement is void, and appointed counsel during his state-court proceedings were ineffective. (Id. at 5–8.)  Interestingly, Wyatt denies having previously filed "any type of petition, application, or motion in a federal court regarding the conviction that [he] challenge[s] in [his] petition."  See (id. at 11).  Additionally, in the section of his petition addressing its timeliness, Wyatt states only that he "allege[s that his] plea agreement is void ab initio for court's [sic] appointed counsel's and prosecutions [sic] bad faith failing to comply with due process and equal protection of the law."  See (id. at 13).

## II.    LEGAL STANDARDS

### A.    Applications for Leave to Proceed in Forma Pauperis

Under the in forma pauperis statute, the Court may allow a plaintiff to commence a civil case "without prepayment of fees or security therefor," if the plaintiff "submits an affidavit that

4

includes a statement of all assets such prisoner possesses that the person is unable to pay such

fees or give security therefor."  See 28 U.S.C. § 1915(a)(1).  This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal
> courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338
> (1989).  Specifically, Congress enacted the statute to ensure that administrative
> court costs and filing fees, both of which must be paid by everyone else who files
> a lawsuit, would not prevent indigent persons from pursuing meaningful litigation.
> [Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, §
> 1915(a) allows a litigant to commence a civil or criminal action in federal court in
> forma pauperis by filing in good faith an affidavit stating, among other things, that
> [they are] unable to pay the costs of the lawsuit.  Neitzke, 490 U.S. at 324, 109 S.Ct.
> 1827.

See Douris v. Middletown Twp., 293 F. App'x 130, 131–32 (3d Cir. 2008) (unpublished)

(footnote omitted).

**B.    Screening of Section 2254 Habeas Petitions**

District courts are tasked with conducting a preliminary review of Section 2254 habeas

petitions.  See R. 4, 28 U.S.C. foll. § 2254 ("The clerk must promptly forward the [habeas]

petition to a judge under the court's assignment procedure, and the judge must promptly examine

it.").  When conducting this review, "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner."  See id.

**C.    Section 2254 Habeas Petitions**

A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner

challenging the "very fact or duration" of their confinement and seeking "immediate release or a

speedier release from that imprisonment."  See Preiser v. Rodriguez, 411 U.S. 475, 498–99

(1973); Leamer v. Fauver, 288 F.3d 532, 542–44 (3d Cir. 2002).  A district court is authorized to

"entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to

the judgment of a State court only on the ground that [they are] in custody in violation of the

Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a).  Claimed

violations of state law standing alone, will not entitle a petitioner to relief, absent a showing that

those violations are so great as to be of a constitutional dimension.  See Estelle v. McGuire, 502

U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions. In conducting habeas review, a federal court is limited to

deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Furthermore, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas

corpus must have exhausted the remedies available to them in the courts of the state.  See 28

U.S.C. § 2254(b)(1)(A).

## III.    DISCUSSION

### A.    Review of Wyatt's Section 2254 Habeas Petition

After reviewing Wyatt's Section 2254 habeas petition, it plainly appears that this Court

lacks subject-matter jurisdiction to consider any of his claims under Section 2254 because his

petition is an unauthorized second or successive Section 2254 petition.  As indicated above,

despite Wyatt's misrepresentation in his petition about never previously filing a federal habeas

petition (Doc. No. 1 at 11), he filed a Section 2254 petition in April 2020, amended the petition

in July 2022, and this Court dismissed the amended petition in November 2022.  See Wyatt v.

Superintendent of SCI Mahanoy, No. 20-cv-00576 (M.D. Pa. filed Apr. 6, 2020), ECF Nos. 1, 9,

12, 13.  Therefore, the Wyatt's instant Section 2254 petition is subject to the second or

successive habeas petition authorization requirements of the Antiterrorism and Effective Death

Penalty Act ("AEDPA").

AEDPA provides that a habeas petitioner cannot file a second or successive petition for

habeas corpus relief in a district court without first seeking and receiving approval from the

appropriate court of appeals.  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005) ("As a procedural matter, § 2244(b)(3)(A) establishes a 'gatekeeping' mechanism that requires a prospective applicant to 'file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.'" (quoting Felker v. Turpin, 518 U.S. 651, 657 (1996))).  If the petitioner fails to first obtain approval from the appropriate court of appeals, a district court lacks subject-matter jurisdiction to consider the second or successive habeas petition.  See Burton v. Stewart, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his . . . 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

"Section 2244 . . . does not define what constitutes a 'second or successive' petition." Benchoff, 404 F.3d at 816; see also Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires [the procedure of first obtaining authorization from a court of appeals before filing a second or successive application], it does not define what is meant by 'second' or 'successive.'" (alteration to original)).  Nonetheless, "'a prisoner's application is not second or successive simply because it follows an earlier federal petition.'"  See Benchoff, 404 F.3d at 817 (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 643 (1998) ("This may have been the second time that respondent had asked the federal courts to provide relief on his Ford claim, but this does not mean that there were two separate applications, the second of which was necessarily subject to §2244(b).").  If, however,

7

"a prisoner has filed a previous habeas petition that was adjudicated on the merits, [they] may not file a second or successive petition in the district courts without first seeking leave from the Court of Appeals."  See In re Stitt, 598 F. App'x 810, 811 n.1 (3d Cir. 2015) (unpublished).  In addition, the second or successive "doctrine . . . bar[s] claims that could have been raised in an earlier habeas corpus petition" but were not raised by the petitioner.  See Benchoff, 404 F.3d at 817 (citations omitted).

After reviewing Wyatt's Section 2254 petition, it plainly appears that it is a second or successive habeas petition insofar as this Court adjudicated Wyatt's prior Section 2254 habeas petition on the merits by dismissing it due to Wyatt's failure to file it within AEDPA's one (1)-year statute of limitations.  See Rohn v. Horton, 508 F. App'x 170, 171 (3d Cir. 2013) (unpublished) (explaining that a prior dismissal of a Section 2254 petition as untimely "counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b)" (citing Villaneuva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) and Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003))); Stokes v. Gehr, 399 F. App'x 697, 699 n.2 (3d Cir. 2010) (unpublished) ("A motion under § 2254 would be 'second or successive' because Stokes' first such petition was dismissed as untimely . . . ."); Robertson v. Pennsylvania, No. 21-cv-01989, 2022 WL 4238094, at *2 (M.D. Pa. Sept. 14, 2022) ("[T]he dismissal of a § 2254 petition with prejudice, e.g., for failure to comply with the one–year statute of limitations, constitutes an adjudication on the merits that renders subsequent § 2254 petitions challenging the same conviction second or successive under § 2244(b)." (citing Stokes, 399 F. App'x at 699 n.2)); see also Lundy v. Superintendent Frackville SCI, No. 22-2323, 2022 WL 18301487 (3d Cir. Nov. 23, 2022) (unpublished) ("The dismissal as untimely of Appellant's prior habeas petition, see Lundy v. Brittain, No. 1:21-cv-01259, 2021 WL 5416279 (M.D. Pa. Nov. 19, 2021), which challenged the same conviction at issue here, rendered

subsequent petitions challenging that conviction second or successive . . . ." (citations omitted)).

Thus, Wyatt cannot file the instant second or successive Section 2254 petition seeking habeas

corpus relief without first seeking and receiving approval from the Third Circuit.  See Benchoff,

404 F.3d at 817.  Wyatt has neither sought nor obtained an order from the Third Circuit allowing

this Court to consider the merits of his habeas claims.  Accordingly, this Court does not have

subject-matter jurisdiction to consider them.  See 28 U.S.C. § 2244(b)(3)(A); Robinson v.

Johnson, 313 F.3d 128, 139–40 (3d Cir. 2002) (explaining that Section 2244 "limits the authority

of the district court to consider second or successive petitions without an order of the court of

appeals").

 In situations such as those presented here, where "a second or successive habeas petition

is erroneously filed in a district court without the permission of a court of appeals, the district

court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28

U.S.C. § 1631."  See Robinson, 313 F.3d at 139; 28 U.S.C. § 1631 ("Whenever a civil action is

filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is

in the interest of justice, transfer such action . . . to any other such court in which the action . . .

could have been brought at the time it was filed.").  When determining whether to transfer a

habeas action to the court of appeals, the district court should "consider whether the petitioner

alleges sufficient facts to satisfy the gatekeeping requirement of the relevant habeas provision."

See Lee v. Lane, No. 15-cv-02195, 2017 WL 3167410, at *3 (M.D. Pa. June 23, 2017) (citations

omitted), report and recommendation adopted, 2017 WL 3158853 (M.D. Pa. July 25, 2017);

Hatches v. Schultz, 381 F. App'x 134, 137 (3d Cir. 2010) (unpublished) ("In deciding that it

would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District

Court properly considered whether Hatches had alleged facts sufficient to bring his petition

within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." (citation omitted)).  The relevant habeas provision in this case is 28 U.S.C. § 2244(b)(2), which provides as follows:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

See 28 U.S.C. § 2244(b)(2).

Here, Wyatt's habeas challenges do not rely on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See id. § 2244(b)(2)(A).  Moreover, Wyatt does not allege that "the factual predicate" for his challenges "could not have been discovered previously through the exercise of due diligence." See id. § 2244(b)(2)(i).  He also does not argue that any such facts would be sufficient to affect his convictions under the standard set forth in subsection (ii).  While this Court expresses no opinion about the merits of Wyatt's claims in his petition, see Hatches, 381 F. App'x at 137 ("[T]his inquiry as to the factual predicate of Hatches' claims did not require—and the District Court did not express—any opinion on the merits of the claims."), the Court finds that the interests of justice do not warrant transferring this matter to the Third Circuit.  Accordingly, the

Court will dismiss Wyatt's Section 2254 petition without prejudice for lack of subject-matter jurisdiction.

### B.    Certificate of Appealability

A court should only issue a certificate of appealability ("COA") if "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If, however, the district court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

See id.  In this case, the Court finds that reasonable jurists would not debate whether the Court was correct in determining that Wyatt's Section 2254 petition is an unauthorized second or successive habeas petition and, as such, subject to dismissal.  Accordingly, the Court will not issue a COA.

## IV.    CONCLUSION

For the reasons discussed above, the Court will grant the IFP Application, dismiss without prejudice Wyatt's Section 2254 habeas petition, decline to issue a certificate of appealability, and direct the Clerk of Court to close this case.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

11